UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND FRANK MCGEE #149937, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:05-cv-279 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| TIMOTHY LUOMA, | ) | |
| | ) | **OPINION** |
| Respondent. | ) | |
| _____ | ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's habeas corpus action is properly dismissed for lack of merit.

**Discussion**

Petitioner asserts that he filed this habeas corpus action in order to address unconstitutional conditions of confinement as a result of an ongoing conspiracy, which violate his rights under the First, Eighth and Fourteenth Amendments, as well as his rights under a variety of federal statutes. Generally, habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement. *Preiser v. Rodriquez,* 411 U.S. 475, 500 (1973). Whereas, 42 U.S.C. § 1983 is used to constitutionally challenge the terms and conditions of confinement. *Id.* Because Petitioner's claims implicate the conditions of his confinement, rather than the fact or duration of his confinement, this action should have been filed pursuant to § 1983 and is not properly brought as a habeas corpus action.[1] Accordingly, Petitioner's action will be dismissed with prejudice for lack of merit.

Moreover, the court notes that in the habeas corpus petition, Petitioner states that he previously filed a petition in the Eastern District of Michigan asserting the same claims as those raised in the instant habeas corpus action. Assuming Petitioner is correct in this assertion, his application could have been considered a second and/or successive habeas corpus petition. Therefore, even if Petitioner's habeas corpus application were not properly dismissed for lack of merit, his habeas corpus claims are not properly before this court.[2]

---

[1] The court notes that Petitioner has previously filed at least three civil rights lawsuits which were dismissed as frivolous, and is thus barred from proceeding *in forma pauperis* in civil rights actions under 28 U.S.C. § 1915(g). *See McGee v. Nagele*, No. 2:05-cv-161 (W.D. Mich. Nov. 2, 2005). It appears that Petitioner is attempting to circumvent the three strikes provision in Section 1915(g) by asserting these claims in the context of a habeas corpus action.

[2] Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n. 3, 121 S. Ct. 2478, 2481 n.3 (2001), *reh. denied*, 533 U.S. 970, 122 S. Ct. 13 (2001) (circuit court may authorize the petition upon a prima facie showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).

**Conclusion**

In light of the foregoing, the court concludes that Petitioner's application should be summarily dismissed pursuant to Rule 4 because it does not contest the fact or duration of Petitioner's custody.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. As noted above, claims such as Petitioner's, which attempt to challenge unconstitutional conditions of confinement, rather than the fact or duration of custody, are not properly brought as habeas corpus claims. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Date:    January 6, 2006                         /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 CHIEF UNITED STATES DISTRICT JUDGE